

ORIGINAL

ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

DEC 18 2015

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| **ARIF AND RIPIKA FAZAL,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| | § | |
| **vs.** | § | **CASE NO. 4:15-CV-761 - A** |
| | § | |
| **GREAT LAKES REINSURANCE** | § | |
| **(UK) PLC,** | § | |
| **Defendant.** | § | **JURY DEMAND** |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Arif and Ripika Fazal (hereinafter "Plaintiffs"), and complains of Great Lakes Reinsurance (UK) PLC (hereinafter "Great Lakes"). In support of their claims and causes of action, Plaintiffs would respectfully show the Court as follows:

### PARTIES

1.   Plaintiffs are citizens of Texas whose property is located in the State of Texas.

2.   Defendant Great Lakes is a foreign insurer doing business in Texas, whose mailing address is 1177 Avenue of the Americas, FI 41, New York, New York 10036, which may be served with process by serving this First Amended Complaint and a copy of the citation on the Texas Department of Insurance, 333 Guadalupe Street, Austin, Texas 78701, as its agent for service as required by the Texas Insurance Code Section 804.103(c), where a foreign insurer failed to appoint or maintain a Texas agent for service of process.   Defendant Great Lakes

Reinsurance (UK) PLC, through counsel, has formally answered herein and entered an appearance before this Honorable Court for all purposes.

## JURISDICTION AND VENUE

3.     Plaintiffs do not contest Great Lakes' contention of Federal jurisdiction nor removal to this Court pursuant to 28 U.S.C. §1332.  Venue is proper, as all or a substantial part of the events giving rise to this suit occurred within the city of Arlington, in Tarrant County, Texas.

## BACKGROUND

4.     This matter revolves largely around a first party insurance dispute regarding the handling of Plaintiffs' insurance claim, the extent of damages and amount of loss suffered to the Plaintiffs' Property, which is located at 909 Winterwood Court, Arlington, Texas 76107, (the "Property").   In addition to seeking economic and penalty based damages from Great Lakes, Plaintiffs also seek compensation from Great Lakes for damages caused by improperly investigating the extensive losses associated with this case.

5.     Plaintiffs own the Property.

6.     Prior to the occurrence in question, Plaintiffs purchased a residential insurance policy from Great Lakes to cover the Property at issue in this case for a loss due to storm-related events, including but not limited to wind.  It is without contention that Plaintiffs' Property has suffered storm-related damage. Through their residential policy, GK1339066S18, Plaintiffs were objectively insured for the subject loss by Great Lakes.

7.     On or around October 2, 2014, the Property suffered incredible damage due to storm related conditions.   On or around December 10, 2014, Plaintiffs filed a claim with Defendant via telephone.

8.     In the aftermath, Plaintiffs relied on Great Lakes to help begin the rebuilding process.   By and through their residential policy, Plaintiffs were objectively insured for the subject losses in this matter, and the losses accounted for in the estimate produced by Scott Mathis of Syndicate Construction Services, LLC (Attached hereto as "Exhibit A").

9.     On or around December 17, 2014, Lee Ueckert of The Littleton Group inspected the Property.   After Plaintiffs made many requests to Mr. Ueckert for a copy of the report, upon receipt of the report Plaintiffs found that Mr. Ueckert had overlooked major damage to the ceiling, resulting in an emergency repair that Defendant refused to authorize payment for.

10.     Shocked with the results of Mr. Ueckert's "investigation", Plaintiffs contacted Scott Mathis to perform a third-party inspection and estimate of the storm damage to the Property.   Mr. Mathis performed the inspection and completed his estimate on or around February 22, 2015.

11.     On or around September 29, 2015, Plaintiffs were forced to repair twenty three patches on the roof due to additional hail damage, which Defendant refused to issue payment for.

12.     Pursuant to their obligation as policyholders, Plaintiffs made complete payment of all residential insurance premiums in a timely fashion.   Moreover, their residential policy covered Plaintiffs during the time period in question.

13.     Despite Plaintiffs' efforts, Great Lakes continually failed and refused to pay Plaintiffs in accordance with its promises under the Policy.

14.     Moreover, Great Lakes has failed to make any reasonable attempt to settle Plaintiffs' claims in a fair manner, although it has confirmed its liability to Plaintiffs under the Policy.

15.    In the months following, Plaintiffs provided information to Great Lakes, as well as provided opportunities for Great Lakes to inspect the Property.  However, Great Lakes failed to conduct a fair investigation into the damage to the Property.  Moreover, Great Lakes failed to properly inspect the Property and its related damages, failed to properly request information, failed to properly investigate the claim, failed to timely evaluate the claim, failed to timely estimate the claim, and failed to timely and properly report and make recommendations in regard to Plaintiffs' claims.

16.    Despite Great Lakes' improprieties, Plaintiffs continued to provide information regarding the losses and the related claim to Great Lakes.   Further, Plaintiffs made inquiries regarding the status of the losses, and payments.  Regardless, Great Lakes failed and refused to respond to the inquiries, and failed to properly adjust the claim and the losses.  As a result, to this date, Plaintiffs have not received proper payment for their claim, even though notification was provided.

17.    To this day, Great Lakes has failed to explain the reasons for failing to offer adequate compensation for the damage to the Property.  Great Lakes has furthermore failed to offer Plaintiffs adequate compensation without any explanation why full payment was not being made.   Great Lakes did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the policy.

18.    Great Lakes has further failed to affirm or deny coverage within a reasonable time.  Plaintiffs also did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from Great Lakes in a timely manner.

19.     Great Lakes has, to date, refused to fully compensate Plaintiffs under the terms of the policy for which Plaintiffs paid, even though it was Great Lakes that failed to conduct a reasonable investigation (Attached hereto as "Exhibit B"). Ultimately, Great Lakes performed a result-oriented investigation of Plaintiffs' claims that resulted in an unfair, biased and inequitable evaluation of Plaintiffs' losses.

20.     Great Lakes has failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claims, beginning an investigation of Plaintiffs' claims, and requesting all information reasonably necessary to investigate Plaintiffs' claims within the time period mandated by statute.

21.     As a result of the above issues, Plaintiffs did not receive the coverage for which they had originally contracted with Great Lakes. Unfortunately, Plaintiffs have, therefore, been forced to file this suit in order to recover damages arising from the above conduct, as well as overall from the unfair refusal to pay insurance benefits.

22.     In addition, Great Lakes has failed to place adequate and proper coverage for Plaintiffs causing Plaintiffs to suffer further damages. As indicated below, Plaintiffs seek relief under the common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

## CONDITIONS PRECEDENT

23.     All conditions precedent to recovery by Plaintiffs have been met or has occurred.

## AGENCY

24.     All acts by Great Lakes were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or

ratification of Great Lakes and/or were completed in its normal and routine course and scope of employment with Great Lakes.

## CLAIMS AGAINST DEFENDANT

25.     Plaintiffs hereby incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

### A.
### BREACH OF CONTRACT

26.     Plaintiffs hereby incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

27.     According to the policy that Plaintiffs purchased, Great Lakes had the absolute duty to investigate Plaintiffs' damages, and to pay Plaintiffs' policy benefits for the claims made due to the extensive storm-related damages.

28.     As a result of the storm-related event, Plaintiffs suffered extreme external and internal damages.

29.     Despite objective evidence of such damages, Great Lakes has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiffs benefits relating to the cost to properly repair Plaintiffs' Property, as well as for related losses.  As a result of this breach, Plaintiffs have suffered actual and consequential damages.

### B.
### VIOLATIONS OF TEXAS DECEPTIVE TRADE
### PRACTICES ACT AND TIE-IN-STATUTES

30.     Plaintiffs hereby incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

31.     Great Lakes' collective actions constitute violations of the DTPA, including but not limited to, Sections 17.46(b) (12), (14), (20), (24), and Section 17.50(a) (4) of the Texas Business & Commerce Code.   Great Lakes collectively engaged in false, misleading, or deceptive acts or practices that included, but were not limited to:

<blockquote>

a.    Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

b.    Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction;

c.    Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed;

d.    Using or employing an act or practice in violation of the Texas Insurance Code;

e.    Unreasonably delaying the investigation, adjustment and resolution of Plaintiffs' claim;

f.    Failure to properly investigate Plaintiffs' claim; and/or

g.    Hiring and relying upon a biased engineer and/or adjuster to obtain a favorable, result-oriented report to assist Great Lakes in low-balling and/or denying Plaintiffs' damage claim.

</blockquote>

32.     As described in this First Amended Complaint, Great Lakes represented to Plaintiffs that their insurance policy and Great Lakes' adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(5) of the DTPA.

33.     As described in this First Amended Complaint, Great Lakes represented to Plaintiffs that its insurance policy and Great Lakes' adjusting and investigative services were of a

particular standard, quality, or grade when they were of another, which stands in violation of Section 17.46 (b)(7) of the DTPA.

34.      By representing that Great Lakes would pay the entire amount needed by Plaintiffs to repair the damages caused by the storm-related event and then not doing so, Great Lakes has violated Sections 17.46 (b)(5), (7) and (12) of the DTPA.

35.      Great Lakes has breached an express warranty that the damage caused by the storm-related event would be covered under the subject insurance policies. This breach entitles Plaintiffs to recover under Sections 17.46 (b) (12) and (20) and 17.50 (a) (2) of the DTPA.

36.      Great Lakes' actions, as described herein, are unconscionable in that it took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Great Lakes' unconscionable conduct gives Plaintiffs the right to relief under Section 17.50(a)(3) of the DTPA.

37.      Great Lakes' conduct, acts, omissions, and failures, as described in this First Amended Complaint, are unfair practices in the business of insurance in violation of Section 17.50 (a) (4) of the DTPA.

38.      Plaintiffs are consumers, as defined under the DTPA, and relied upon these false, misleading, or deceptive acts or practices made by Great Lakes to their detriment. As a direct and proximate result of Great Lakes' collective acts and conduct, Plaintiffs have been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiffs now sue. All of the above-described acts, omissions, and failures of Great Lakes are a producing cause of Plaintiffs' damages that are described in this First Amended Complaint.

39.     Because Great Lakes' collective actions and conduct were committed knowingly and intentionally, Plaintiffs are entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages, for Great Lakes having knowingly committed its conduct. Additionally, Plaintiffs are ultimately entitled to recover damages in an amount not to exceed three times the amount of mental anguish and actual damages due to Great Lakes having intentionally committed such conduct.

40.     As a result of Great Lakes' unconscionable, misleading, and deceptive actions and conduct, Plaintiffs have been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on their behalf.  Accordingly, Plaintiffs also seek to recover their costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code, as well as any other such damages to which Plaintiffs may show themselves to be justly entitled at law and in equity.

## C.
## VIOLATIONS OF TEXAS INSURANCE CODE

41.     Plaintiffs hereby incorporate by reference all facts and circumstances set forth within the foregoing paragraphs.

42.     Great Lakes' actions constitute violations of the Texas Insurance Code, including but not limited to, Article 21.21 Sections 4(10) (a) (ii), (iv), and (viii) (codified as Section 541.060), Article 21.21 Section 11(e) (codified as Section 541.061), and Article 21.55 Section 3(f) (codified as Section 542.058).   Specifically, Great Lakes engaged in certain unfair or deceptive acts or practices that include, but are not limited to the following:

a.   Failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

b.   Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;

c.   Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

d.   Forcing Plaintiffs to file suit to recover amounts due under the policy by refusing to pay all benefits due;

e.   Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code; and/or

f.   Failing to pay a valid claim after receiving all reasonably requested and required items from the claimant.

43.   Plaintiffs are the insured or beneficiary of a claim which was apparently valid as a result of the unauthorized acts of Great Lakes, and Plaintiffs relied upon these unfair or deceptive acts or practices by Great Lakes to their detriment.  Accordingly, Great Lakes became the insurer of Plaintiffs.

44.   As a direct and proximate result of Great Lakes' acts and conduct, Plaintiffs have been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which they now sue.

45.   Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Great Lakes' actions and conduct were committed knowingly and intentionally, Plaintiffs are entitled to recover, in addition to all damages described herein, mental anguish damages and additional damages in an amount not to exceed three times the amount of actual

damages, for Great Lakes having knowingly committed such conduct.   Additionally, Plaintiffs are entitled to recover damages in an amount not to exceed three times the amount of mental and actual damages for Great Lakes having intentionally committed such conduct.

46.   As a result of Great Lakes' unfair and deceptive actions and conduct, Plaintiffs have been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on their behalf.   Accordingly, Plaintiffs also seeks to recover their costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code or Article 21.21 Section 16(b) (1) (codified as Section 541.152) of the Texas Insurance Code and any other such damages to which Plaintiffs may show themselves justly entitled by law and in equity.

## WAIVER AND ESTOPPEL

47.   Plaintiffs hereby incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

48.   Great Lakes has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiffs.

## DAMAGES

49.   Great Lakes' acts have been the producing and/or proximate cause of damage to Plaintiffs, and Plaintiffs seek an amount in excess of the minimum jurisdictional limits of this Court.

## ATTORNEY FEES

50.     In addition, Plaintiffs are entitled to all reasonable and necessary attorneys' fees pursuant to the Texas Insurance Code, DTPA, and sections 38.001-.005 of the Civil Practice and Remedies Code.

## JURY DEMAND

51.     Plaintiffs demand a jury trial and tenders the appropriate fee with this First Amended Complaint.

## CONCLUSION

50.     Plaintiffs pray that judgment be entered against Great Lakes Reinsurance (UK) PLC, and that Plaintiffs be awarded all of their actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this First Amended Complaint.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray they be awarded all such relief to which they are due as a result of the acts of Great Lakes Reinsurance (UK) PLC, and for all such other relief to which Plaintiffs may be justly entitled.

*(Signature block on following page)*

Respectfully submitted,

Bryan Beverly
Texas Bar No. 24082688
bryan@vosslawfirm.com
Attorney-in-Charge

**OF COUNSEL:**
Bill L. Voss
Texas Bar No. 24047043
Scott G. Hunziker
Texas Bar No. 24032446
The Voss Law Firm, P.C.
The Voss Law Center
26619 Interstate 45
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile:  (713) 861-0021

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2015, a true and correct copy of the foregoing was served on all counsel of record, via the Court's electronic filing system or as indicated below, pursuant to Federal Rules of Civil Procedure 5(b), as follows:

Les Pickett
Galloway, Johnson, Tompkins Burr & Smith
1301 McKinney, Suite 1400
Houston, Texas 77010
Telephone: (713) 599-0700
Facsimile: (713) 599-0777
***Via Facsimile***

_____
Bryan Beverly

 **Syndicate Construction Services, LLC.**

1115 Lakeview Drive
Montgomery, TX. 77316

(936) 443-8900
smathis88@msn.com

| | | | |
|---|---|---|---|
| Client: | Arif & Ripika Fazal | Home: | (817) 457-6655 |
| Home: | 1117 N. Day Miar Road | | |
| | Mansfield, TX 76063 | | |

Operator Info:
Operator:   SUPER

| | | | |
|---|---|---|---|
| Estimator: | Scott Mathis | Business: | (936) 443-8900 |
| Company: | Syndicate Construction Services, LLC. | | |
| Business: | 1115 Lakeview Dr. | | |
| | Montgomery, TX 77316 | | |

| | | | |
|---|---|---|---|
| Type of Estimate: | Wind Damage | | |
| Date Entered: | 2/22/2015 | Date Assigned: | |
| Date Est. Completed: | 2/22/2015 | Date Job Completed: | |

| | |
|---|---|
| Price List: | TXDF7X_FEB15 |
| Labor Efficiency: | Restoration/Service/Remodel |
| Estimate: | FAZAL_RIPIKA&ARIF |

Thank you for the opportunity to quote you our estimate for the repair of the damage to your property. Since this quotation will be used for insurance claim submittal  purposes, we have used Xactimate which is an insurance industry standard. The prices are calculated based on local criteria and are deemed to be the most accurate figures available at the time of this estimate. The estimate is hereby based on seen, disclosed, or otherwise obvious damage. Unseen, undisclosed, or otherwise not obvious conditions, if discovered later or during the course repairs. Will be considered not included. If discovered, any necessary additional repairs will be submitted for supplemental coverage, based on Xactimate pricing.



PLAINTIFF'S
EXHIBIT

A



**Syndicate Construction Services, LLC.**

1115 Lakeview Drive
Montgomery, TX. 77316

(936) 443-8900
smathis88@msn.com

**FAZAL_RIPIKA&ARIF**

Roof

| DESCRIPTION | QNTY | REMOVE | REPLACE | TOTAL |
|---|---|---|---|---|
| 1. Remove 3 tab - 25 yr. - composition shingle roofing - incl. felt | 27.20 SQ | 52.39 | 0.00 | 1,425.01 |
| 2. 3 tab - 25 yr. - composition shingle roofing - incl. felt | 31.67 SQ | 0.00 | 219.90 | 6,964.23 |
| 3. Remove Additional charge for high roof (2 stories or greater) | 15.10 SQ | 4.93 | 0.00 | 74.44 |
| 4. Additional charge for high roof (2 stories or greater) | 15.10 SQ | 0.00 | 15.64 | 236.16 |
| 5. Remove Additional charge for steep roof - 7/12 to 9/12 slope | 27.20 SQ | 13.03 | 0.00 | 354.42 |
| 6. Additional charge for steep roof - 7/12 to 9/12 slope | 27.20 SQ | 0.00 | 35.41 | 963.15 |
| 7. R&R Drip edge | 288.00 LF | 0.31 | 2.13 | 702.72 |
| 8. Asphalt starter - universal starter course | 288.00 LF | 0.00 | 1.86 | 535.68 |
| 9. R&R Ridge cap - composition shingles | 89.30 LF | 2.17 | 4.81 | 623.31 |
| 10. Seal & paint trim - two coats - Drip edge | 288.00 LF | 0.00 | 1.26 | 362.88 |
| 11. Mask and prep for paint - plastic, paper, tape (per LF) For Painting Drip Edge | 288.00 LF | 0.00 | 1.34 | 385.92 |
| 12. R&R Valley metal | 58.00 LF | 0.56 | 5.11 | 328.86 |
| 13. R&R Roof vent - turtle type - Metal | 6.00 EA | 8.36 | 55.68 | 384.24 |
| 14. R&R Flashing - pipe jack - lead | 6.00 EA | 6.55 | 73.22 | 478.62 |
| 15. R&R Exhaust cap - through roof - 6" to 8" | 2.00 EA | 8.36 | 81.84 | 180.40 |
| 16. R&R Chimney flashing - average (32" x 36") | 1.00 EA | 17.47 | 324.80 | 342.27 |
| 17. Step flashing | 31.30 LF | 0.00 | 9.09 | 284.52 |
| 18. R&R Flashing, 14" wide @ Roof-to Wall | 31.30 LF | 0.56 | 3.68 | 132.71 |
| 19. Digital satellite system - Detach & reset | 1.00 EA | 0.00 | 34.83 | 34.83 |
| 20. Digital satellite system - alignment and calibration only | 1.00 EA | 0.00 | 104.51 | 104.51 |
| 21. Fall protection harness and lanyard - per day 6 man crew for 4 days | 24.00 DA | 0.00 | 11.20 | 268.80 |
| 22. Residential / OSHA Safety Certified Supervisor for entire roof installation | 32.00 HR | 0.00 | 97.86 | 3,131.52 |

FAZAL_RIPIKA&ARIF



**Syndicate Construction Services, LLC.**

1115 Lakeview Drive
Montgomery, TX. 77316

(936) 443-8900
smathis88@msn.com

### CONTINUED - Roof

| DESCRIPTION | QNTY | REMOVE | REPLACE | TOTAL |
|---|---|---|---|---|
| 23. Dumpster load - Approx. 30 yards, 5-7 tons of debris | 1.00 EA | 594.23 | 0.00 | 594.23 |

| Totals: Roof | | | | 18,893.43 |
|---|---|---|---|---|

### Exterior

#### Front Elevation

| DESCRIPTION | QNTY | REMOVE | REPLACE | TOTAL |
|---|---|---|---|---|
| 24. R&R Vinyl window - double hung, 20-28 sf - High grade | 2.00 EA | 21.03 | 572.59 | 1,187.24 |
| 25. R&R Window screen, 10 - 16 SF | 4.00 EA | 3.53 | 42.99 | 186.08 |
| 26. R&R Gutter / downspout - aluminum - up to 5" | 18.40 LF | 0.48 | 6.23 | 123.46 |
| 27. R&R Wood gate 5'- 6' high - cedar | 6.00 LF | 5.83 | 59.27 | 390.60 |

| Totals: Front Elevation | | | | 1,887.38 |
|---|---|---|---|---|

#### Left Elevation

| DESCRIPTION | QNTY | REMOVE | REPLACE | TOTAL |
|---|---|---|---|---|
| 28. R&R Vinyl window - double hung, 13-19 sf - High grade | 2.00 EA | 21.03 | 478.62 | 999.30 |
| 29. R&R Window screen, 10 - 16 SF | 2.00 EA | 3.53 | 42.99 | 93.04 |
| 30. R&R Wood fence 5'- 6' high - cedar | 88.90 LF | 5.84 | 35.63 | 3,686.69 |

| Totals: Left Elevation | | | | 4,779.03 |
|---|---|---|---|---|

#### Rear Elevation

| DESCRIPTION | QNTY | REMOVE | REPLACE | TOTAL |
|---|---|---|---|---|
| 31. R&R Wood fence 5'- 6' high - cedar | 58.00 LF | 5.84 | 35.63 | 2,405.26 |

FAZAL_RIPIKA&ARIF                                        4/7/2015        Page: 3



**Syndicate Construction Services, LLC.**

1115 Lakeview Drive
Montgomery, TX. 77316

(936) 443-8900
smathis88@msn.com

### CONTINUED - Rear Elevation

| DESCRIPTION | QNTY | REMOVE | REPLACE | TOTAL |
|---|---|---|---|---|
| 32. Siding - Labor Minimum - For Replacing Broken Peices at Rear (approx. 5-6 pc.'s) | 4.00 EA | 0.00 | 277.02 | 1,108.08 |
| 33. SIDING - Material Only - 1 box / minimum order | 1.00 EA | 0.00 | 312.98 | 312.98 |
| 34. R&R Custom bent aluminum (PER LF) @ Off-set / Bay Window | 51.30 LF | 2.32 | 18.02 | 1,043.45 |
| 35. Siding Installer - per hour - Additional Labor needed for installing alum. trim @ radius | 2.00 HR | 0.00 | 92.25 | 184.50 |
| 36. R&R Fascia - metal - 6" | 19.00 LF | 0.31 | 5.17 | 104.12 |
| 37. R&R Vinyl window - double hung, 9-12 sf - High grade | 2.00 EA | 21.03 | 382.14 | 806.34 |
| 38. R&R Vinyl window - double hung, 20-28 sf - High grade | 2.00 EA | 21.03 | 572.59 | 1,187.24 |
| 39. R&R Window screen, 10 - 16 SF | 5.00 EA | 3.53 | 42.99 | 232.60 |

Totals: Rear Elevation                                                                 7,384.57

### Right Elevation

| DESCRIPTION | QNTY | REMOVE | REPLACE | TOTAL |
|---|---|---|---|---|
| 40. R&R Wood fence 5'- 6' high - cedar | 97.80 LF | 5.83 | 35.63 | 4,054.78 |

Totals: Right Elevation                                                                4,054.78

Total: Exterior                                                                        18,105.76

### Shed

| DESCRIPTION | QNTY | REMOVE | REPLACE | TOTAL |
|---|---|---|---|---|
| 41. Remove 3 tab - 25 yr. - composition shingle roofing - incl. felt | 1.39 SQ | 52.39 | 0.00 | 72.82 |
| 42. 3 tab - 25 yr. - composition shingle roofing - incl. felt | 2.00 SQ | 0.00 | 219.90 | 439.80 |
| 43. R&R Drip edge | 46.00 LF | 0.31 | 2.13 | 112.24 |

FAZAL_RIPIKA&ARIF                                           4/7/2015            Page: 4



**Syndicate Construction Services, LLC.**

1115 Lakeview Drive
Montgomery, TX. 77316

(936) 443-8900
smathis88@msn.com

### CONTINUED - Shed

| DESCRIPTION | QNTY | REMOVE | REPLACE | TOTAL |
|---|---|---|---|---|
| 44. Asphalt starter - universal starter course | 46.00 LF | 0.00 | 1.86 | 85.56 |
| 45. R&R Ridge cap - composition shingles | 12.00 LF | 2.17 | 4.82 | 83.88 |
| 46. Roofer - per hour - Additional Labor for No Access all materials must be carried to and from back yard | 2.00 HR | 0.00 | 108.49 | 216.98 |

Totals: Shed                                                                 1,011.28

### Interior

| DESCRIPTION | QNTY | REMOVE | REPLACE | TOTAL |
|---|---|---|---|---|
| 47. Seal/prime then paint the surface area twice (3 coats) | 320.00 SF | 0.00 | 1.16 | 371.20 |
| 48. Floor protection - self-adhesive plastic film | 320.00 SF | 0.00 | 0.64 | 204.80 |
| 49. Mask and prep for paint - plastic, paper, tape (per LF) | 131.90 LF | 0.00 | 1.34 | 176.75 |
| 50. Light fixture - Detach & reset | 1.00 EA | 0.00 | 62.03 | 62.03 |
| 51. Ceiling fan - Detach & reset | 1.00 EA | 0.00 | 220.96 | 220.96 |
| 52. R&R Heat/AC register - Mechanically attached | 2.00 EA | 2.32 | 28.99 | 62.62 |
| 53. Chandelier - Detach & reset | 1.00 EA | 0.00 | 161.29 | 161.29 |
| 54. Smoke detector - Detach & reset | 1.00 EA | 0.00 | 60.07 | 60.07 |
| 55. Occupancy sensor - ceiling/wall mounted - Detach & reset | 1.00 EA | 0.00 | 62.03 | 62.03 |
| 56. R&R Stairway - disappearing (folding) /attic ladder- High grade | 1.00 EA | 19.95 | 535.92 | 555.87 |
| 57. Final cleaning - construction - Residential | 800.00 SF | 0.00 | 0.25 | 200.00 |
| 58. Contents - move out then reset - Extra large room | 1.00 EA | 0.00 | 167.06 | 167.06 |

Totals: Interior                                                              2,304.68

### General Conditions

FAZAL_RIPIKA&ARIF                                        4/7/2015        Page: 5

 **Syndicate Construction Services, LLC.**

1115 Lakeview Drive
Montgomery, TX. 77316

(936) 443-8900
smathis88@msn.com

**CONTINUED - General Conditions**

| DESCRIPTION | QNTY | REMOVE | REPLACE | TOTAL |
|---|---|---|---|---|
| 59.  Taxes, insurance, permits & fees (Bid item) | 1.00 EA | 0.00 | 490.00 | 490.00 |
| 60.  Residential Supervision / Project Management - per hour | 43.80 HR | 0.00 | 72.74 | 3,186.01 |
| 61.  Misc. Equipment - Ladder Loader - Rental per day | 3.00 EA | 0.00 | 174.34 | 523.02 |
| 62.  Temporary toilet (per month) | 1.00 MO | 0.00 | 251.22 | 251.22 |
| 63.  Haul debris - per pickup truck load - including dump fees - All non-roof related debris | 1.00 EA | 143.12 | 0.00 | 143.12 |

| Totals:  General Conditions | | | | 4,593.37 |
|---|---|---|---|---|

| **Line Item Totals: FAZAL_RIPIKA&ARIF** | | | | **44,908.52** |
|---|---|---|---|---|

 **Syndicate Construction Services, LLC.**

1115 Lakeview Drive
Montgomery, TX. 77316

(936) 443-8900
smathis88@msn.com

## Summary

| | | | |
|---|---|---|---:|
| Line Item Total | | | 44,908.52 |
| Material Sales Tax | @ | 8.250% | 889.72 |
| | | | |
| Subtotal | | | 45,798.24 |
| Overhead | @ | 10.0% | 4,579.91 |
| Profit | @ | 10.0% | 4,579.91 |
| | | | |
| **Replacement Cost Value** | | | **$54,958.06** |
| **Net Claim** | | | **$54,958.06** |

_____

Scott Mathis



## Syndicate Construction Services, LLC.

1115 Lakeview Drive
Montgomery, TX. 77316

(936) 443-8900
smathis88@msn.com

## Recap by Room

**Estimate: FAZAL_RIPIKA&ARIF**

| | | |
|---|---:|---:|
| Roof | 18,893.43 | 42.07% |
| | | |
| **Area: Exterior** | | |
| Front Elevation | 1,887.38 | 4.20% |
| Left Elevation | 4,779.03 | 10.64% |
| Rear Elevation | 7,384.57 | 16.44% |
| Right Elevation | 4,054.78 | 9.03% |
| | | |
| Area Subtotal:  Exterior | 18,105.76 | 40.32% |
| Shed | 1,011.28 | 2.25% |
| Interior | 2,304.68 | 5.13% |
| General Conditions | 4,593.37 | 10.23% |
| | | |
| **Subtotal of Areas** | 44,908.52 | 100.00% |
| | | |
| **Total** | 44,908.52 | 100.00% |



**Syndicate Construction Services, LLC.**

1115 Lakeview Drive
Montgomery, TX. 77316

(936) 443-8900
smathis88@msn.com

## Recap by Category

| O&P Items | | | Total | % |
|---|---|---|---:|---:|
| CLEANING | | | 200.00 | 0.36% |
| CONTENT MANIPULATION | | | 167.06 | 0.30% |
| GENERAL DEMOLITION | | | 4,989.51 | 9.08% |
| ELECTRICAL | | | 122.10 | 0.22% |
| ELECTRICAL - SPECIAL SYSTEMS | | | 139.34 | 0.25% |
| MISC. EQUIPMENT - AGRICULTURAL | | | 523.02 | 0.95% |
| PERMITS AND FEES | | | 490.00 | 0.89% |
| FENCING | | | 9,074.28 | 16.51% |
| HEAT, VENT & AIR CONDITIONING | | | 57.98 | 0.11% |
| LABOR ONLY | | | 6,317.53 | 11.50% |
| LIGHT FIXTURES | | | 444.28 | 0.81% |
| PAINTING | | | 1,501.55 | 2.73% |
| ROOFING | | | 12,598.31 | 22.92% |
| SCAFFOLDING | | | 268.80 | 0.49% |
| SIDING | | | 2,529.99 | 4.60% |
| SOFFIT, FASCIA, & GUTTER | | | 212.86 | 0.39% |
| STAIRS | | | 535.92 | 0.98% |
| TEMPORARY REPAIRS | | | 251.22 | 0.46% |
| WINDOW REGLAZING & REPAIR | | | 472.89 | 0.86% |
| WINDOWS - VINYL | | | 4,011.88 | 7.30% |
| **O&P Items Subtotal** | | | **44,908.52** | **81.71%** |
| Material Sales Tax | @ | 8.250% | 889.72 | 1.62% |
| Overhead | @ | 10.0% | 4,579.91 | 8.33% |
| Profit | @ | 10.0% | 4,579.91 | 8.33% |
| **Total** | | | **54,958.06** | **100.00%** |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **ARIF AND RIPIKA FAZAL,** | § | |
| Plaintiffs, | § | |
| | § | |
| | § | |
| **vs.** | § | **CASE NO. 4:15-CV-761** |
| | § | |
| **GREAT LAKES REINSURANCE** | § | |
| **(UK) PLC,** | § | |
| Defendant. | § | **JURY DEMAND** |

---

### AFFIDAVIT OF SCOTT MATHIS

---

Before me, the undersigned notary, on this day personally appeared Scott Mathis, a person whose identity is known to me. After I administered an oath to him, upon his oath, he stated as follows:

1. "My name is Scott Mathis. I am of sound mind, over the age of 18 years, and have never been charged or convicted with a felony. I have personal knowledge of the facts stated in this affidavit, and they are true and correct to the best of my knowledge. I make this affidavit under oath and subject to the penalties of perjury.

2. I, as the custodian of records for Syndicate Construction Services, LLC, hereby certify that a copy of the report dated February 22, 2015, attached hereto, is a true and correct copy and was created at or around the time the knowledge was acquired. Moreover, all such opinions are given to within a reasonable degree of certainty as roofing professional.

3. It is my expert opinion, as a roofing damage expert, that Great Lakes Reinsurance (UK) PLC did not perform a reasonable inspection of the covered storm-related damages involved in this claim. Further, I opine that Great Lakes Reinsurance (UK) PLC did not cover all of the storm-related damages that it would have discovered had it conducted a reasonable investigation.

Further Affiant sayeth not.

---

AFFIDAVIT OF SCOTT MATHIS
Page 1

---



This the 9TH day of December 2015.

_____
Scott Mathis


Sworn to and subscribed before me this 9TH day of December 2015.



_____
NOTARY PUBLIC

My Commission Expires:

AMANDA E HELM
My Commission Expires
May 31, 2019

---

AFFIDAVIT OF SCOTT MATHIS
Page 2